IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHERYL D. WILLIAMS, | ) | 8:10CV92 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA PLANNING | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on March 11, 2010.  (Filing No. 1.)
Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No.
5.)  The court now conducts an initial review of Plaintiff's claims to determine
whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

_____Plaintiff filed her Complaint in this matter against her employer, the City of
Omaha Planning Department, and two supervisors, John Rehtmeyer ("Rehtmeyer")
and Robert Peters ("Peters").  (Filing No. 1 at CM/ECF p. 1.)  Condensed and
summarized, Plaintiff sues Defendants for race and color discrimination under Title
VII of the Civil Rights Act of 1964.  (_Id._ at CM/ECF pp. 2-3.)

Plaintiff alleges that she was subjected to unfair treatment and harassment by
Defendants.  In particular, Plaintiff alleges that she was "denied rightful promotion,"
was forced to meet educational and mentoring requirements not required of white
employees, constantly had her duties changed, and was treated differently than white
employees regarding sick leave.  (_Id._ at CM/ECF pp. 1-2, 11-14.)  In addition,
Rehtmeyer harassed Plaintiff by constantly checking up on her, accusing her of
making personal calls and generally treating her significantly less favorably than

white employees.  (*Id.*)  Peters promised Plaintiff a promotion to which she was entitled, but failed to promote her.  (*Id.* at CM/ECF pp. 1-2.)  Plaintiff alleges that her work performance was satisfactory, and that she never "received a bad job performance evaluation." (*Id.* at CM/ECF p. 2.)  Plaintiff filed three separate charges of discrimination and received a right-to-sue letter from the Equal Opportunity Employment Commission ("EEOC") on December 14, 2009.  (*Id.* at CM/ECF p. 9.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act.  Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that she 1) is a member of a protected class; 2) was meeting the legitimate expectations of her employer; 3) suffered an adverse employment action; and 4) that circumstances exist which give rise to an inference of discrimination.  *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004).  If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993).  If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000).  The ultimate burden of persuasion remains with the plaintiff throughout the case.

Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust her administrative remedies by first seeking relief through the EEOC or the NEOC.  The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause.  If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice.  42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997).  The charging party has 90 days from the receipt of the

3

right-to-sue notice to file a civil complaint based on her charge.  42 U.S.C.A. § 2000e-5(f)(1).  The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff alleges that she is African-American and that her work performance was satisfactory, having never received a "bad job performance evaluation." (Filing No. 1 at CM/ECF pp. 1-2.)  Plaintiff further alleges that she suffered an adverse employment action when she was subjected to harassment by Rehtmeyer, when she was "denied rightful promotion," and when she was treated differently from white employees with respect to her training, educational requirements, and conditions of employment. (*Id.* at CM/ECF pp. 1-2, 11-14.) The record also shows that Plaintiff exhausted her administrative remedies by presenting her claims to the NEOC/EEOC.  (*Id.* at CM/ECF pp. 5-10.)  These allegations are sufficient to nudge Plaintiff's Title VII claims across the line from conceivable to plausible.  However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's claims against Defendants may proceed and service is now warranted.

2.     To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide.  The Clerk of the court shall send THREE (3) summons forms and THREE (3) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur.

4

3.      Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4.      Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint.    However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6.      The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**July 28, 2010:**  Check for completion of service of summons."

7.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 30th day of March, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.