IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHERYL D. WILLIAMS, | ) | 8:10CV92 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA PLANNING | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Defendants' Motions to Dismiss. (Filing Nos. 10 and 14.) As set forth below, the Motions are denied.

    On March 30, 2010, the court conducted a detailed initial review of Plaintiff's claims. (Filing No. 6.) In that Memorandum and Order, the court liberally construed and analyzed each of Plaintiff's claims. (*Id.*) In doing so, the court determined that Plaintiff had set forth enough allegations to "nudge" her claims "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Burke v. North Dakota Dep't of Corr. and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (holding that a pro se complaint must be construed liberally).

    Rather than file an answer, Defendants filed their Motions to Dismiss, arguing that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Filing Nos. 11 and 15.) However, the court already resolved that question and declines to revisit it now. For the reasons set forth in its March 30, 2010,

Memorandum and Order, Plaintiff has set forth sufficient facts to nudge her claims across the line from conceivable to plausible. While Plaintiff's claims may ultimately not withstand a motion for summary judgment,[1] they are enough to withstand the pending Motions.

IT IS THEREFORE ORDERED that:

1. Defendants' Motions to Dismiss (filing nos. 10 and 14) are denied without prejudice to reassertion in a motion for summary judgment.

2. In accordance with Federal Rule of Civil Procedure Rule 12(a)(4)(A), Defendants shall file their answer no later than 14 days from the date of this Memorandum and Order.

3. A separate progression order will be entered progressing this matter to final disposition.

---

[1] The court notes that Defendants' Motions to Dismiss are similar to a motion for summary judgment. However, they rely on unauthenticated documents and other documents outside of the pleadings. At this stage of the proceedings, the court must liberally construe Plaintiff's allegations and cannot consider such unauthenticated "evidence." In the event that the parties elect to file motions for summary judgment, they are cautioned that the court will only consider evidence which complies with the Federal Rules of Civil Procedure and the Local Rules of this court.

DATED this 17th day of June, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.