IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHERYL D. WILLIAMS, | ) | 8:10CV92 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA PLANNING | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Temporary Restraining Order (filing no. 19), Motion to Compel (filing no. 30), and Motion to Secure In Forma Pauperis Status (filing no. 31). Also pending is Defendants' Motion for Sanctions. (Filing No. 26.)

*Motion for Temporary Restraining Order*

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's Motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that

justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. Plaintiff's Motion for Temporary Restraining Order generally restates the allegations of the Complaint but does not set forth any argument or evidence showing a threat of irreparable harm to Plaintiff, or any probability that she will succeed on the merits of the Complaint. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

*Motion to Secure In Forma Pauperis Status*

In her Motion to Secure In Forma Pauperis Status, Plaintiff requests that the court provide her with funds to pay for a copy of her deposition and funds to hire a court reporter to depose several witnesses. (Filing No. 31.) Plaintiff has been granted leave to proceed in forma pauperis in this matter.[1] (Filing No. 5.) However, the statutory right to proceed in forma pauperis does not include the right to receive funds from the court to pay discovery or other costs relating to a pro se litigant's case. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). Thus, despite Plaintiff's in forma pauperis status, the court will not pay Plaintiff's litigation expenses and the Motion is denied.

---

[1]As Defendants note, the court generously granted Plaintiff in forma pauperis status, although it was a close question. (Filing No. 34.) The court has some concerns that the allegation of poverty is untrue, but will not revoke Plaintiff's in forma pauperis status on the record currently before the court.

*Remaining Discovery Motions*

As this court stated in its General Order, filed in this case and in all pro se cases, "[n]o discovery in pro se civil cases assigned to a district judge shall take place until" the court enters a progression order.  (Filing No. 4.)  Progression orders are typically entered approximately 30 days after the last defendant files an answer.  (*Id.*)  Defendants filed their Answer in this matter on June 23, 2010.  (Filing No. 18.)  However, before the court could enter a progression order, Defendants began conducting discovery.  (Filing No. 21.)  It also appears that Plaintiff began conducting discovery, also without first waiting for a progression order to be entered.  (Filing No. 30.)  Now, both Plaintiff and Defendants seek various sanctions for failure to comply with that unauthorized discovery.  (Filing Nos. 26 and 30.)

The court finds that failure to comply with unauthorized discovery in this matter is not sanctionable.  Further, regarding the merits of Defendants' Motion for Sanctions,  it appears that Plaintiff had a valid excuse (illness) for her failure to appear at the noticed deposition.  (Filing No. 26.)  However, Plaintiff is warned that, in the future, the court will not be as forgiving regarding any failure to appear at a properly-noticed deposition.  Regarding the merits of Plaintiff's Motion to Compel, there is no indication that Plaintiff complied with the requirements of Federal Rule of Civil Procedure 37 prior to filing her Motion.  In short, the parties have not been authorized to begin discovery.  Even if discovery had been authorized, no sanctions are appropriate.  The court will enter an appropriate progression order and this case may proceed.

IT IS THEREFORE ORDERED that:

1.      All pending Motions are denied.

2.      The court will enter a separate progression order progressing this case

to final disposition.

DATED this 9th day of September, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4